IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GERRY MYLES, | : |
| Petitioner(s), | : |
| | : Case Number: 1:08cv800 |
| vs. | : |
| | : Chief Judge Susan J. Dlott |
| WARDEN, WARREN CORRECTIONAL INSTITUTION, | : |
| Respondent(s). | : |

ORDER

The Court has reviewed the Report and Recommendation of United States Magistrate Judge Timothy S. Hogan filed on March 17, 2009 (Doc. 12), to whom this case was referred pursuant to 28 U.S.C. §636(b), and noting that no objections have been filed thereto and that the time for filing such objections under Fed. R. Civ. P. 72(b) expired April 3, 2009, hereby ADOPTS said Report and Recommendation.

Accordingly, it is hereby **ORDERED** that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER ORDERED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

It is **FURTHER ORDERED** that the petition (Doc. 1) is administratively **STAYED and TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay is conditioned on petitioner's filing a motion to reinstate the case on the Court's active docket within thirty (30) days after fully exhausting his state court remedies

through the requisite levels of state appellate review. Petitioner will be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

A certificate of appealability will not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White,* No. 01-cv-72798-DT, 2001 WL 902612, at 83 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case is dismissed on exhaustion grounds). *See Generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" will not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case is stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.

With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any order adopting the Report and Recommendation will not be taken in "good faith," and therefore **DENIES** petitioner

leave to appeal *in forma pauperis*. *See* Fed. R. App. p. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

IT IS SO ORDERED.


___s/Susan J. Dlott___
Chief Judge Susan J. Dlott
United States District Court